309 S.E.2d 66

**BEVERLY MANOR ASSOCIATES**

v.

**Ernest WEST, et al.**

**No. 15849.**

Supreme Court of Appeals of West Virginia.

Nov. 14, 1983.

Brough A. Jones, Clarksburg, for appellants.

John L. Henning, Elkins, for appellee.

PER CURIAM:

The appellants, Ernest and Susan West, appeal from a summary judgment motion granted against them in the Circuit Court of Randolph County. For the reasons set forth below, we reverse the judgment and remand the case for trial.

The appellants and their three infant children are residents of Beverly Manor, a federally subsidized low-income housing project located in Randolph County. Their residence is pursuant to a one-year lease entered into with Beverly Manor Associates on May 1, 1982. This appeal arises out of an unlawful detainer action filed against the appellants for violation of that lease.

On June 29, 1982, the appellants were served with an eviction notice alleging generally that they had committed "embarassing incidents which [had] disturbed the peace and harmony of Beverly Manor." The appellants refused to vacate their apartment asserting that they had done nothing to violate the terms of their lease.

On August 10, 1982, the appellee instituted an unlawful detainer action against the appellants pursuant to *W.Va.Code*, 55–3–1 [1923] in the Randolph County Magistrate Court. The appellants obtained counsel, pleaded not guilty, demanded a jury trial, and had the case removed to the circuit court.

Because the eviction notice failed to give proper notice, the appellee was ordered to serve another notice on the appellants. On September 30, 1982, the second notice was served. It specifically alleged eleven incidents as grounds for the eviction.

At a hearing held on November 1, 1982, the appellants again requested a jury trial. The court took the request under advisement and ordered the appellants to file an answer to the appellee's complaint. The appellants subsequently filed their answer denying the allegations in the eviction notice. Both parties eventually filed a memorandum of law on the issue of whether the appellants were entitled to a jury trial. By order entered December 30, 1982, the circuit court *sua sponte* entered an order granting summary judgment for the appellee and evicting the appellants from their residence.

On appeal the appellants assert that the court erred in granting summary judgment when genuine issues of fact existed in the case that precluded such judgment.

 In a summary judgment case the facts must be viewed in a light most favorable to the party against whom summary judgment will be granted. *Board of Education of Ohio County v. Van Buren and Firestone, Architects, Inc.*, 165 W.Va. 140,

267 S.E.2d 440 (1980). And we have consistently held that:

> "A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law."

Syllabus point 3, *Aetna Casualty & Surety Co. v. Federal Insurance Co.*, 148 W.Va. 160, 133 S.E.2d 770 (1963).

 Applying these principles to the facts of the case before us, we conclude that the circuit court erred in granting summary judgment. The sole issue in this eviction proceeding was whether the appellants had violated the terms of their lease by committing the eleven alleged infractions. The circuit court being obliged to accept as true the appellants' denial of the allegations for purposes of summary judgment, *Board of Education of Ohio County v. Van Buren and Firestone, Architects, Inc., supra*, a genuine issue of fact existed as to whether the allegations were true, and therefore, grounds for eviction.

*W. Va. Code*, 55-3-3 [1923] provides for a jury trial in cases of unlawful detainer and states that such trials "shall have precedence for trial over all other civil causes on the docket." In view of this section of the law, and in view of our conclusion that genuine issues of fact exist in this case that ought to be tried, the case is remanded to the circuit court for a jury trial.

We note that subsequent to the filing of the petition in the case before us the appellee, concluding that the appellants were entitled to a jury trial, joined with the appellants in moving that we reverse this case and remand for a jury trial.

Reversed and Remanded.