STATE *ex rel.* BURL STAPLETON

*v.*

OTTO C. BOLES, *Warden,* WEST VIRGINIA STATE PENITENTIARY

(No. 12466)

Submitted June 9, 1965.         Decided June 29, 1965.

*Amos C. Wilson,* for relator.

*C. Donald Robertson,* Attorney General, *George H. Mitchell,* Assistant Attorney General, for respondent.

BERRY, JUDGE:

The petitioner, Burl Stapleton, filed a petition for a writ of habeas corpus invoking the original jurisdiction of this Court. The writ was granted on May 17, 1965, returnable June 8, 1965. The defendant filed a return and demurrer and the case was submitted for decision upon arguments and briefs on June 9, 1965.

The petitioner was indicted for the crime of breaking and entering by the grand jury of the Circuit Court of Logan County at the May 1962 term. On July 3, 1962, he was arraigned and pleaded guilty to the charge. The matter was continued, and on July 20, 1962, the petitioner was placed on probation for a period of two years. He violated the terms of his probation and was sentenced to the West Virginia Penitentiary for a term of from one to ten years on May 28, 1963.

The petitioner was placed in the custody of the Warden of the West Virginia State Penitentiary and was thereafter transferred to the Medium Security Prison at Huttonsville from which Institution he escaped in October, 1963, along with two other prisoners, Ronald F. Moore and Benny James Robison. In order to facilitate their escape, the petitioner, Moore and Robison stole an automobile and were indicted for larceny for the theft of said automobile in Randolph County on January 21, 1964. The petitioner was not indicted for his escape from the Medium Security Prison and on January 24, 1964, he appeared in person and by counsel and pleaded guilty to the charge of larceny, whereupon he was sentenced by the Circuit Court of Randolph County to a term of not less than one nor more than ten years in the penitentiary.

The record of the Circuit Court of Logan County is silent with regard to the assistance of counsel or the waiver thereof.

It is the contention of the petitioner that his sentence for the charge of breaking and entering in Logan County is void because he was not advised of his right to the

assistance of counsel and did not knowingly and intelligently waive the assistance of counsel.

This position is well taken and has been passed on by this Court in many recent cases wherein it was held that the right to the assistance of counsel is a fundamental right under the provisions of the Federal and State Constitutions and will not be presumed to have been waived on the part of the accused, notwithstanding the entry of a plea of guilty on his part or the silence as to the matter of assistance of counsel; and in such cases the sentence is void and the petitioner will therefore be afforded relief from such void sentence. *State ex rel. May* v. *Boles,* 149 W. Va. 155, 139 S. E. 2d 177; *State ex rel. Hicklin* v. *Boles,* 149 W. Va. 163, 139 S. E. 2d 182; *State ex rel. Stumbo* v. *Boles,* 149 W. Va. 174, 139 S. E. 2d 259; *State ex rel. Browning* v. *Boles,* 149 W. Va. 181, 139 S. E. 2d 263; *State ex rel. Arbraugh* v. *Boles,* 149 W. Va. 193, 139 S. E. 2d 370; *State ex rel. Waugh* v. *Boles,* 149 W. Va. 525, 142 S. E. 2d 62.

The petitioner takes the position also that the sentence imposed upon him for the crime of larceny in Randolph County is void because of ineffective counsel in Randolph County. The allegation of the petitioner with regard to the ineffectiveness of counsel alleges only that he pleaded guilty on the same day counsel was appointed to represent him in Randolph County and that counsel could not have had time to prepare a proper defense, but does not state that he had any meritorious defense whatsoever with regard to the charge. The demurrer filed by the defendant states that the petition is not sufficient in law as to the alleged ineffectiveness of counsel in connection with the charge of larceny in Randolph County because there is no claim that the petitioner had any meritorious defense to such charge which his counsel failed to present.

The exact question involved in connection with this matter has been answered by this Court in the recent case of *State ex rel. Benny J. Robison* v. *Boles,* 149 W. Va. 516, 142 S.E. 2d 55. In that case the petitioner was charged with larceny of the same automobile as the petitioner in the instant case and the same contention was presented as to

ineffective assistance of counsel. It was stated in the *Robison* case that the petitioner had the burden of establishing by allegations supported by proof that ineffective assistance of counsel denied him his constitutional rights and that the record was clear that the petitioner was afforded effective assistance of counsel. No continuance was sought by Robison and there was no showing of any prejudice in any manner by virtue of his plea of guilty. The facts and circumstances in the *Robison* case being the exact situation present in the case at bar, it is controlling in this case.

We are therefore of the opinion that the demurrer is well taken as to petitioner's claim of ineffective assistance of counsel in the proceeding held in Randolph County for larceny. The demurrer is accordingly sustained and the sentence imposed upon him of from one to ten years is held to be a valid, legal sentence.

The sentence imposed upon the petitioner by the Circuit Court of Logan County of confinement in the West Virginia Penitentiary for a term of not less than one nor more than ten years for the crime of breaking and entering is void and unenforceable and relief is afforded in this proceeding by the prevention of the serving thereof. However, since the sentence imposd by the Circuit Court of Randolph County of confinement in the West Virginia Penitentiary for a term of not less than one nor more than ten years for the crime of grand larceny is valid and has not been served or satisfied by the petitioner inasmuch as it commenced to run on January 24, 1964, petitioner is not entitled to release from confinement in the penitentiary.

Accordingly, the petitioner is remanded to the custody of the Warden of the West Virginia State Penitentiary until the valid sentence imposed upon him by the Circuit Court of Randolph County is satisfied.

*Prisoner remanded.*