STATE OF WEST VIRGINIA

*v.*

JOHN H. BLOSSER

(No. 13455)

Decided October 29, 1974.

er.

*Haden & Singleton, Julius W. Singleton, Jr.*, for plaintiff in error.

*Chauncey H. Browning*, Attorney General, *Richard E. Hardison*, Deputy Attorney General, *David P. Cleek*, Assistant Attorney General, for defendant in error.

HADEN, JUSTICE:

John Blosser appeals a misdemeanor conviction from the Circuit Court of Monongalia County upon which that court fined the appellant $300.00 and sentenced him to one hundred days in jail.

The issues presented are three in number: first, whether the defendant waived his constitutional right to effective assistance of counsel by attempting to represent himself at trial, in the absence of advice from the court that he was entitled to counsel; second, whether the defendant was effectively denied his constitutional right to remain silent in the face of a criminal charge when he was directed by the trial court to take the stand and tell his side of the case; and third, whether the defendant was denied his constitutional right to due process and a fair trial by the ruling of the trial court that the defendant, being a non-lawyer, was not entitled to argue his defense to the jury.

The appellant was originally charged and convicted in a Justice of the Peace court for the misdemeanor of permitting the operation of a boat with defective life preservers as prohibited by West Virginia Code, Chapter 20, Article 7, Section 13(f), as amended (Code 1931, 20-7-13(f), as amended). He perfected a timely appeal of this conviction to the Circuit Court of Monongalia County and the case was tried there before a jury.

At trial in the court of record the State was represented by two legal interns of the Monongalia County Prosecuting Attorney's office. Blosser, however, appeared in person without counsel and attempted to represent himself throughout the case. A jury was impaneled; evidence was adduced on behalf of the State; and the defendant testified at the direction of the court—being told by the judge to "give his side." The instructions offered by the State were given by the court without objection from the defendant who, himself, offered no instructions. The State made its closing argument to the jury but Blosser, in the presence of the jury, was told by the court that he would not be permitted to make any state-

ment or argument to the jury in his behalf. The jury returned a verdict of guilty against Blosser and the court imposed sentence. At no time during trial did the court or its officers warn, caution or advise the accused of his several rights.

On this appeal, the Attorney General has quite properly confessed error in the judgment of the court below.

In West Virginia, as elsewhere in the United States, federal and state constitutional provisions guarantee a person accused of a crime the right to the assistance of counsel. *W. Va. Const.*, art. III, § 14. *State ex rel. May v. Boles*, 149 W. Va. 155, 139 S.E.2d 177 (1964); *U.S. Const.*, amendment Sixth; *Gideon v. Wainwright*, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963). Under standards adopted by this Court we have also recently recognized and implemented the requirement that an accused is entitled to effective assistance of counsel. *State v. Thomas*, W. Va., 203 S.E.2d 445 (1974). The United States Supreme Court has also applied the right of counsel to an accused who is charged with a petty offense or misdemeanor, as well as with more serious crimes. *Argersinger v. Hamlin*, 407 U.S. 25, 92 S. Ct. 2006, 32 L. Ed. 2d 530 (1972). This Court holds that that principle is applicable to this case and is required by the provisions of our own Constitution. *W. Va. Const.*, art. III, § 14.

With full cognition of the foregoing principles, this Court nonetheless also recognizes that an accused may, in certain circumstances, choose and be permitted by a court to represent his own cause in the defense of a criminal case. *See, State v. Yoes*, 67 W. Va. 546, 68 S.E. 181 (1910). This correlative right of self-representation has been stated as follows:

> "But no one is compelled to have counsel if he does not so choose. The right is permissive and conditional upon the pleasure of the accused; preferring the protection of the court, or choosing to rely upon his own skill and ability, he may not desire the assistance of counsel. The right of

> a party to appear in his own behalf and be heard in the courts is fundamental. It is an inalienable right common to all, guaranteed both by the constitution of the state and the Constitution of the United States." 5 M.J. *Criminal Procedure* § 41, p. 371 (1949).

Although this right is certainly available to an accused who chooses this alternative, the courts remain obligated to accord and protect the rights secured an accused under the West Virginia and United States Constitutions. The courts' obligations, in respect to counsel assistance, are held to be affirmative in nature since *Gideon's* trumpet was sounded.

An accused may waive a fundamental right such as assistance of counsel if such waiver is made intelligently and understandingly, that is, with the foreknowledge that the right exists. *State ex rel. Fountain v. King*, 149 W. Va. 511, 142 S.E.2d 59 (1965); *see also*, discussion in *Ford v. Coiner*, W. Va., 196 S.E.2d 91, 99-103 (dissent) (1973). Absent a knowing and intelligent waiver of the right to effective assistance of counsel, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony. A State conviction cannot stand where a defendant was unaware of his right to counsel or where the record is silent as to the matter of assistance of counsel and the defendant's actions do not demonstrate waiver. *State ex rel. Pettery v. Boles*, 149 W. Va. 379, 141 S.E.2d 80 (1965); *State ex rel. Wright v. Boles*, 150 W. Va. 381, 146 S.E.2d 524 (1966); and *see, State v. Britton*, W. Va. , 203 S.E.2d 462 (1974) (recognizing that an accused's conduct could demonstrate waiver).

Although the defendant has retained counsel to prosecute this appeal and has not asserted indigency, nothing in the record of the trial below demonstrates either waiver of the right to effective assistance of counsel or advice from the court that assistance of counsel would be provided should Blosser have been unable to obtain it. Accordingly, we hold that in the absence of advice from the court that he was entitled to counsel, retained

or appointed, the defendant was denied his constitutional right to effective assistance of counsel. Failure by the trial court to communicate the right precludes this Court from considering the question of waiver by conduct.

We also hold that, in the absence of an affirmative showing on the record in the trial of a cautionary statement from the court to the accused of his right to remain silent, that court's action in directing Blosser to take the stand and "tell his side", violates the fundamental right to remain silent guaranteed an accused by West Virginia Constitution, Article III, Section 5, and the Fifth Amendment to the United States Constitution. In doing so, this Court merely adheres to a principle previously applied. The recent case of *State v. Fortner*, 150 W. Va. 571, 148 S.E.2d 669 (1966), held that before an accused's testimony, in the form of a written confession, may be admitted in trial against him, the trial court has an affirmative and mandatory duty to pass upon the voluntariness of the testimony elicited in the confession. Certainly, the rationale of the *Fortner* rule likewise compels us to hold that this trial court had a mandatory duty to inform the accused of his right not to give testimony against himself before he was required to take the stand. The "waiver of privilege against self-incrimination must be made understandingly and willingly, and generally after being fully warned by the court." *Powell v. Commonwealth*, 167 Va. 558, 189 S.E. 433 (1937); *see generally*, 21 Am. Jur. 2d *Criminal Law* § 357 (1965).

The ruling by the trial court that the accused was not entitled to argue his defense to the jury because he was not a lawyer cannot be approved by this Court, when there is no showing that Blosser's conduct at trial was disruptive or contemptuous of the judicial process. West Virginia Constitution, Article III, Section 10, guarantees an accused due process of law and a fair trial. Syllabus Point 3, *State v. Britton, supra*. This right is likewise secured for the benefit of an accused in the state courts by the Federal Constitution. *U.S. Const.*, amendment Fourteenth; *Gideon v. Wainwright, supra*.

Once an accused is permitted to proceed *pro se*, wittingly or otherwise, a trial court without cause cannot prohibit or inhibit an accused representing himself from conducting a full and adequate defense, which, of course, includes the right to argue his case to the jury. To deny an accused this right while fully extending the right to the State, is to deny the accused a fair trial in disregard of the constitutional protections afforded an accused.

Based upon the undisputed facts of this case, the confession of error by the State, and for the foregoing reasons, the judgment of the Circuit Court of Monongalia County is a nullity.

*Reversed.*