JERRY BULLETT

*v.*

HONORABLE JOHN STAGGS,

*Magistrate, etc., et al.*

(No. 14206)

Decided October 24, 1978.

*William B. Carey* for relator.

*Chauncey H. Browning,* Attorney General, *Claude A. Brown,* Assistant Attorney General, for respondents.

CAPLAN, CHIEF JUSTICE:

In this original proceeding in prohibition the petitioner seeks to prohibit the respondents, Shirley Gross, Mayor of the Town of Paw Paw and John Staggs, a Magistrate of Morgan County, wherein such town is situate, from proceeding to try him on certain charges which allegedly constitute violations of municipal ordinances until counsel is provided to represent him.

It appears from the pleadings and exhibits that the petitioner, Jerry Bullett, was charged in three separate warrants with the offenses of fleeing from an officer, disturbing the peace and obstructing justice. These warrants were made returnable before Mayor Gross, but for some reason, not apparent on the record, were transferred to Magistrate Staggs. It is alleged in the petition that by reason of the impending trial before the magistrate the petitioner's liberty is in jeopardy. By reason thereof, the petitioner, alleging indigency, has requested the appointment of counsel to assist him. On the ground that "there is no machinery available in West Virginia for the appointment of a lawyer to defend persons accused of violating municipal ordinances", each of these respondents denied his request for counsel.

The state agrees that the petitioner is entitled to counsel, but, in the absence of a statute specifically providing therefor in a case involving a violation of a municipal ordinance, seeks direction from this Court. Thus, we are called upon to determine whether, in this instance, the petitioner is entitled to the assistance of counsel and, if so, the manner in which counsel can be appointed.

Since the time of the decisions in *Gideon v. Wainwright*, 372 U.S. 335, 9 L. Ed. 2d 799, 83 S. Ct. 792, 93 A.L.R. 2d 733 (1963) and *State ex rel. May v. Boles*, 149 W. Va. 155, 139 S.E. 2d 177 (1964), the right of an indigent defendant to the assistance of counsel has been so well established in all jurisdictions of this country that it is no longer necessary to cite further authorities in support of such right. As reflected in *Argersinger v. Hamlin*, 407 U.S. 25, 32 L. Ed. 2d 530, 92 S. Ct. 2006 (1972), this right to the assistance of counsel extends to those accused of petty crimes and misdemeanors as well as to those charged with the commission of felonies. The Court said: "We hold, therefore, that absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial."

That *Argersinger* controls the instant case is clearly demonstrated by the following quote by that Court from *Stevenson v. Holzman,* 254 Or. 94, 458 P. 2d 414 (1969), with which it expressed agreement:

> We hold that no person may be deprived of his liberty who has been denied the assistance of counsel as guaranteed by the Sixth Amendment. This holding is applicable to all criminal prosecutions, including prosecutions for *violations of municipal ordinances.* (Emphasis ours)

We adhere to the above quoted language and hold that the petitioner is entitled to counsel in his trial on the aforementioned warrants. *See W.Va. Code,* 1931, 51-11-5(a)(1), as amended.

Just as we are not concerned with the degree of the crime charged in relation to one's right to counsel, neither are we concerned with the character of the court in which a defendant is charged. The fact that there is no specific statutory language providing that a municipal court or a magistrate can appoint counsel for an indigent defendant cannot be permitted to defeat a right guaranteed by the Sixth Amendment and buttressed by a multitude of court decisions. So long as a person's liberty is in jeopardy, he is entitled to counsel to assist him in his defense. If he is indigent and files an affidavit of indigency as provided in *W.Va. Code,* 1931, 51-11-5, as amended, he is entitled to the appointment of counsel. That statute, where pertinent, provides "(a) A circuit court at any time upon request, and upon the filing of an affidavit of indigency ... shall appoint ... counsel ... (1) To represent one accused of a felony, or of a misdemeanor punishable by imprisonment ...."

It being constitutionally mandated that such indigent defendant be entitled to the appointment of counsel, we must determine how such appointment can be made. *W.Va. Code,* 1931, 51-11-5, as amended, providing that the circuit court shall appoint counsel, and *W.Va. Code,* 1931, 51-11-8, as amended, providing that payment to such counsel shall be made from a state fund appro-

priated by the legislature, afford the "machinery" whereby an attorney can be appointed to defend one accused of the commission of a crime which may subject him to imprisonment, regardless of the degree of the crime or the character of the court wherein he is charged. These statutes, read in *pari materia*, mandate that the petitioner in the instant case, upon complying with the requirements thereof, shall be entitled to the appointment of counsel by the Circuit Court of Morgan County and that payment therefor shall be made from the legislative appropriation so provided.

In view of the foregoing, the writ prayed for is awarded, prohibiting the trial of the petitioner until counsel is appointed to assist him in his defense.

*Writ awarded.*