324 S.E.2d 138

**Timothy E. ASH**

v.

**Hon. Muriel L. TWYMAN, etc., et al.**

**No. 16287.**

Supreme Court of Appeals of West Virginia.

Dec. 13, 1984.

Kenneth P. Simons, II, Simons & Simons, Fairmont, for petitioner.

McHUGH, Chief Justice:

This action is before this Court upon the petition of Timothy E. Ash in which he seeks a writ of prohibition be directed against Muriel L. Twyman, Magistrate of Marion County, West Virginia and Charles E. Anderson, Prosecuting Attorney of Marion County. The petitioner seeks to prevent the prosecution of his most recent charge of driving while under the influence of intoxicants as a second offense. This Court has before it only the petition for relief and attached exhibits.

The petition for relief alleges that in August, 1983, the petitioner entered a plea of guilty before a Marion County magistrate to his first charge of driving while under the influence of intoxicants. In accordance with *W. Va. Code*, 17C–5–2(d)(2) [1983],[1] and *W. Va. Code*, 17C–5–2(m)

---

1. *W. Va. Code*, 17C–5–2(d) [1983], provides:

Any person who:

(1) Drives a vehicle in this State while he is:

(A) Under the influence of alcohol, or

(B) Under the influence of any controlled substance, or

(C) Under the influence of any other drug, or

(D) Under the combined influence of alcohol and any controlled substance or any other drug,

(2) Shall be guilty of a misdemeanor, and, upon conviction thereof, shall be imprisoned in the county jail for not less than one day nor more than six months, which jail term shall include actual confinement of not less than twenty-four hours, and shall be fined not less than one hundred dollars nor more than five hundred dollars.

[1983],[2] the petitioner was sentenced to a mandatory 24 hours in the county jail and a $100 fine.

The petition further asserts that on February 26, 1984, the petitioner was arrested and charged with his second offense of driving while under the influence of intoxicants. If convicted of this violation as a second offense the petitioner faces a mandatory sentence of six months in the county jail. *W.Va.Code*, 17C–5–2(h) [1983].[3]

On March 15, 1984, the petitioner sought a writ of prohibition from the Circuit Court of Marion County to prevent the prosecution of his most recent arrest as a second offense under *W.Va.Code*, 17C–5–2(h) [1983]. *See Stalnaker v. Roberts*, W.Va., 287 S.E.2d 166 (1981). Although the petition for relief in the circuit court is not before us, the petitioner apparently argued, as he does before this Court, that his prosecution for the latest arrest as a second offense should be prohibited because prior to his entering of the guilty plea for the first offense he was not properly advised of his right to counsel, nor did he knowingly and intelligently waive his right to such counsel, nor was he properly informed of the consequences of his guilty plea with respect to the enhanced sentence for subsequent convictions of the same offense. After a hearing upon the petitioner's arguments, the circuit court, in an order entered March 23, 1984, denied the petition and, without findings of fact or conclusions of law, refused to issue a rule to show cause. The petition further asserts that there was no testimony taken during the hearing before the circuit court.

In support of his assertions before this Court, the petitioner has attached various exhibits to the petition for relief. The first is a certified copy of a form from the Marion County Magistrate Court detailing the particulars of the petitioner's first conviction including his plea of guilty and the sentence. The second exhibit is a certified copy of a form by which the petitioner was informed of his constitutional rights after his first arrest. This form, dated August 14, 1983, contains the signature of the petitioner in all designated spaces, including the space where the petitioner was supposedly informed of his right to counsel, however, there are no check marks in any of the three boxes in which a defendant may acknowledge the waiver of the right to counsel, request counsel be appointed, or waive appointed counsel because counsel has already been retained. The third exhibit is a certified copy of the warrant issued for the petitioner's arrest for the second charge of driving while under the influence of intoxicants, and the fourth exhibit is a certified copy of the order in which the circuit court denied the petitioner's petition for a writ of prohibition.

■ The threshold issue before this Court is whether a writ of prohibition from this Court is the proper remedy. In syllabus point 1 of *Hinkle v. Black*, 164 W.Va. 112, 262 S.E.2d 744 (1979), we held as follows:

In determining whether to grant a rule to show cause in prohibition when a court is not acting in excess of its jurisdiction, this Court will look to the adequacy of other available remedies such as appeal and to the over-all economy of effort and money among litigants, lawyers and courts; however, this Court will use prohibition in this discretionary way to correct only substantial, clear-cut, legal errors plainly in contravention of a clear statutory, constitutional, or common law mandate which may be resolved independently of any disputed facts and

---

**2.** *W.Va.Code*, 17C–5–2(m) [1983], provides:

The sentences provided herein upon conviction for a violation of this article are mandatory and shall not be subject to suspension or probation: Provided, that the court may apply the provisions of article eleven-A, chapter sixty-two of this Code to a person sentenced or committed to a term of one year or less.

**3.** *W.Va.Code*, 17C–5–2(h), provides:

Any person violating any provision of subsection (b), (c), (d), (e), (f) or (g) of this section shall, for the second offense under this section, be guilty of a misdemeanor, and, upon conviction thereof, shall be imprisoned in the county jail for a period of not less than six months nor more than one year, and the court may, in its discretion, impose a fine of not less than one thousand dollars nor more than three thousand dollars.

only in cases where there is a high probability that the trial will be completely reversed if the error is not corrected in advance.

See also syl. pt. 3, *Criss v. Salvation Army Residences,* 173 W.Va. 634, 319 S.E.2d 403 (1984); syl. pt. 1, *State ex rel. Strickland v. Daniels,* 173 W.Va. 576, 318 S.E.2d 627 (1984); syl., *State ex rel. Oldaker v. Fury,* 173 W.Va. 428, 317 S.E.2d 513 (1984); syl. pt. 1, *Naum v. Halbritter,* 172 W.Va. 610, 309 S.E.2d 109 (1983). For reasons discussed below we hold that prohibition is not the proper remedy under these circumstances.

It is clear that by virtue of his 24-hour imprisonment in the county jail the petitioner had an undeniable right to counsel during his first conviction for driving while under the influence of intoxicants under *W.Va.Code,* 17C–5–2(d) [1983]. "West Virginia Constitution, Article III, Section 14, guarantees that, absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." Syl. pt. 1, *State v. Blosser,* 158 W.Va. 164, 207 S.E.2d 186 (1974); *see also Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972); syl. pt. 1, *Bullett v. Staggs,* 162 W.Va. 199, 250 S.E.2d 38 (1978).

With respect to whether such an uncounselled prior conviction may be used to enhance the penalty of a subsequent conviction for the same offense, we held in syllabus point 2 of *State ex rel. Widmyer v. Boles,* 150 W.Va. 109, 144 S.E.2d 322 (1965):

The denial of the fundamental right of a defendant to the assistance of counsel in a criminal proceeding applies to and invalidates any prior conviction of an offense within the meaning of a recidivist statute, and such conviction and any sentence of imprisonment imposed upon it, being null and void because of such denial, can not justify or support the imposition of any additional imprisonment under such statute.

See also *Baldasar v. Illinois,* 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169, *reh'g denied,* 447 U.S. 930, 100 S.Ct. 3030, 65 L.Ed.2d 1125 (1980).

The important issues for proper resolution of the petitioner's case are therefore (1) whether the petitioner was, in fact, not represented by counsel during his first conviction of driving while under the influence of intoxicants, and (2) if the petitioner was not represented by counsel, whether he knowingly and intelligently waived his constitutional right to such counsel. *See* syl. pts. 1 and 2, *State v. Blosser, supra;* syl. pt. 1, *State v. Britton,* 157 W.Va. 711, 203 S.E.2d 462 (1974); syl. pt. 5, *State ex rel. May v. Boles,* 149 W.Va. 155, 139 S.E.2d 177 (1964).

Assuming the truth of the petitioner's assertion that he was not represented by counsel during the entering of his guilty plea to his first arrest for driving under the influence, we must determine whether the petitioner validly waived his right to counsel. In this regard, we held in syllabus point 1 of *State ex rel. Widmyer v. Boles, supra:*

The right of the defendant in a criminal proceeding to the assistance of counsel is a fundamental right, the waiver of which will not be presumed by the failure of the accused to request counsel, by the entry of a guilty plea or by reason of a record silent concerning the matter of counsel and the conviction of a defendant in the absence of counsel or of an affirmative showing of an intelligent waiver of such right is void.

See also syl., *State ex rel. Browning v. Boles,* 150 W.Va. 89, 144 S.E.2d 74 (1965); syl. pt. 1, *State ex rel. Stapleton v. Boles,* 149 W.Va. 645, 142 S.E.2d 896 (1965); syl. pt. 2, *State ex rel. Massey v. Boles,* 149 W.Va. 292, 140 S.E.2d 608 (1965); syl. pt. 2, *State ex rel. Arbraugh v. Boles,* 149 W.Va. 193, 139 S.E.2d 370 (1964); syl. pts. 2–4, *State ex rel. May v. Boles, supra.*

Based upon the foregoing, although the waiver of the right to counsel may not be presumed by the petitioner's failure to request such counsel on the form provided him after his first arrest, or his entering of a guilty plea to his first charge of driving

while under the influence of intoxicants, we do not have before us a record from any proceeding below, silent or otherwise, upon which to make a reasonable determination as to whether the petitioner validly waived his right to counsel during his first conviction. Nor do we have any record from which to determine whether the petitioner was informed of the ramifications of his guilty plea with respect to an enhanced penalty for a second conviction of driving while under the influence of intoxicants under *W. Va. Code*, 17C–5–2(h) [1983]. *See* syl. pts. 1 and 2, *Riley v. Ziegler*, 161 W.Va. 290, 241 S.E.2d 813 (1978).[4] Those matters may be raised in the case now pending in the magistrate court.

It is, therefore, the opinion of this Court, that in the absence of a properly developed record, the petitioner has not demonstrated by his bare assertions in this original proceeding any "substantial, clear-cut, legal errors plainly in contravention of a clear statutory, constitutional, or common law mandate which may be resolved independently of any disputed facts ...," syl. pt. 1, *Hinkle v. Black, supra,* nor has he demonstrated a "high probability that the trial will be completely reversed if the error is not corrected in advance." *Id.   See also State ex rel. Oldaker v. Fury, supra.*

For the foregoing reasons, the petition for a writ of prohibition is hereby denied.

Writ denied.

---

**4.** Syllabus point 1 of *Riley v. Ziegler, supra,* states: "When a conviction rests upon a plea of guilty, the record must affirmatively show that the plea was intelligently and voluntarily made with an awareness of the nature of the charge to which the plea is offered and the consequences of the plea."

   With respect to the failure of a defendant to be informed of the possibility of an enhanced penalty for a subsequent offense prior to entry of a guilty plea for a prior conviction of driving while under the influence of intoxicants, some courts have held that failure to be informed of the consequences does not render the prior conviction invalid for purposes of enhancing the sentence of a subsequent conviction. *See, e.g., State v. Levey,* 122 N.H. 375, 445 A.2d 1089 (1982); *People v. Sirianni,* 89 App.Div.2d 775, 453 N.Y.S.2d 485 (1982).