332 S.E.2d 837

**STATE of West Virginia**

v.

**Bruce ARMSTRONG.**

No. 16218.

Supreme Court of Appeals of West Virginia.

Submitted April 23, 1985.
Decided July 10, 1985.

**384**

Michael W. McGuane, Wheeling, for appellant.

Mary Rich Maloy, Asst. Atty. Gen., Charleston, for appellee.

McGRAW, Justice:

This appeal arises out of the appellant's 1982 conviction for driving under the influence of alcohol (hereinafter DUI), third offense, in the Circuit Court of Ohio County. The appellant, Bruce Armstrong, was arrested upon a DUI charge in Wheeling, Ohio County, on February 5, 1982. Subsequently, in April of 1982, the appellant was indicted by an Ohio County grand jury for third offense DUI, a felony under the applicable State law.[1]

Prior to trial, the appellant filed a "Motion to Dismiss the Indictment, or, in the Alternative, to Strike Prior Convictions," alleging that he was not afforded counsel and did not properly waive his right to counsel before pleading guilty in the two prior misdemeanor DUI convictions. The appellant contended that his two prior uncounseled convictions could not be used to convert the instant DUI charge to a felony as third offense.[2] A hearing was held on the matter, and the motion was subsequently denied.

Upon the agreement of the parties, the case was bifurcated for trial purposes. In the first jury trial, the appellant was found guilty of driving while under the influence of alcohol on February 5, 1982. In the second proceeding, another jury found the appellant to be the same person who pleaded guilty to driving while under the influence of alcohol on two prior occasions— June 17, 1977 and September 6, 1978. Subsequently, by order entered January 21, 1983, the Circuit Court of Ohio County

sentenced the appellant to imprisonment for a period of one to three years.

The appellant does not challenge the guilty verdict against him for DUI stemming from his arrest on February 5, 1982. Rather, the appellant now seeks appellate review solely upon questions arising out of the use of the two prior DUI convictions to enhance the most recent charge and conviction to a felony for third offense. Based upon the findings and conclusions which follow, we reverse the proceedings below.

In the first assignment of error, the appellant asserts there was lack of counsel or effective waiver of such in both of his two prior DUI convictions, which therefore precluded their collateral use to elevate the penalty for the immediate DUI conviction. In the recent case of *Ash v. Twyman,* 174 W.Va. 177, 324 S.E.2d 138 (1984), this Court was presented with this issue within the context of an original proceeding in prohibition. Due to the absence of a sufficiently developed factual record to support the petitioner's assertions in *Ash,* we denied the writ. The legal principles discussed in *Ash,* however, remain pertinent to our resolution of the right to counsel issue in this appeal, where we are presented with a full factual record of completed proceedings below.

▮▮ The parameters of the constitutional right to counsel in misdemeanor cases have been well delineated under the state and federal constitutions. To begin, as stated in syllabus point 1 of *State v. Blosser,* 158 W.Va. 164, 207 S.E.2d 186 (1974), "West Virginia Constitution, Article III, Section 14, guarantees that, absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." *See also State v. Eden,* 163 W.Va. 370, 377, 256 S.E.2d 868, 872 (1979); syl. pt. 1, *Bullet v. Staggs,* 162 W.Va. 199, 250 S.E.2d 38 (1978). The entitlement to representation at all "critical stages" necessarily includes the right to counsel before

---

1. *See* West Virginia Code § 17C–5–2(i) (Supp. 1984) (formerly codified at West Virginia Code § 17C–5–2(h)).

2. First and second offense convictions for DUI are misdemeanors. *See* West Virginia Code § 17C–5–2(d) & (h) (Supp.1984).

entering a plea of guilty in a misdemeanor case where imprisonment is imposed. A conviction upon a plea of guilty rather than after a full trial does not diminish the right to counsel. *See Rice v. Olson,* 324 U.S. 786, 65 S.Ct. 989, 89 L.Ed. 1367 (1945).

The holding in *Blosser, supra,* tracks the language of United States Supreme Court in *Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). In *Argersinger,* the Court held that the federal sixth amendment right to counsel previously recognized for those accused of serious crimes [3] also applied to those facing actual loss of liberty for petty or misdemeanor offense. Seven years later, in *Scott v. Illinois,* 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979), the Court resolved a question left unanswered by *Argersinger,* whether the right to counsel is mandated when an individual is charged with a misdemeanor offense for which imprisonment is authorized but not actually imposed. The *Scott* court, rejecting the petitioner's argument that the right to counsel attached whenever "potential imprisonment" was involved, reiterated the *Argersinger* rule that the sixth amendment right to counsel is limited in misdemeanor cases to those involving "actual imprisonment." 440 U.S. at 373, 99 S.Ct. at 1162, 59 L.Ed.2d at 389.

█ Finally, it is well established that if no imprisonment could have been imposed for a particular misdemeanor conviction for the reasons stated in *Argersinger* and *Scott,* then that conviction may not be used as part of the basis for imprisonment under an enhancement statute. *Baldasar v. Illinois,* 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980). Whether or not one was actually imprisoned under a prior misdemeanor conviction is immaterial. An uncounseled conviction, valid under *Argersinger* and *Scott* because no imprisonment was imposed, is not valid for all purposes. 446 at 226, 100 S.Ct. at 1587, 64 L.Ed.2d 174 (Marshall, J., concurring). Under the sixth amendment of the federal constitution and article III, section 14 of the West Virginia Constitution, unless an individual convicted of a misdemeanor was represented by counsel or knowingly and intelligently waived the right to counsel, such prior conviction may not be used to enhance a sentence of imprisonment for a subsequent offense.

█ The record in this appeal clearly indicates that the appellant's two prior DUI convictions resulted from guilty pleas made without the assistance of legal counsel. Accordingly, the only substantial question presented is whether the appellant waived his constitutional right to counsel. "The constitutional right to assistance of counsel may be waived by an accused by conduct which demonstrates intelligent and understanding waiver." Syl. pt. 1, *State v. Britton,* 157 W.Va. 711, 203 S.E.2d 462 (1974). In syllabus point 3 of *State ex rel. Widmyer v. Boles,* 150 W.Va. 109, 144 S.E.2d 322 (1965), however, this Court stated the general guidelines which safeguard against the wrongful presumption of such a waiver:

> The right of the defendant in a criminal proceeding to the assistance of counsel is a fundamental right, the waiver of which will not be presumed by the failure of the accused to request counsel, by the entry of a guilty plea or by reason of a record silent concerning the matter of counsel and the conviction of a defendant in the absence of counsel or of an affirmative showing of an intelligent waiver of such right is void.

*See also Ash v. Tyman,* 174 W.Va. at 180, 324 S.E.2d at 141 (citing additional authority). Therefore, whether a waiver of right to counsel was knowingly and understandably made is a question of fact to be determined upon the particular circumstances of each case. *See Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); *State ex rel. Powers v. Boles,* 149 W.Va. 6, 9, 138 S.E.2d 159, 162 (1964).

In *Call v. McKenzie,* 159 W.Va. 191, 220 S.E.2d 665 (1975), we set forth guidelines pertaining to matters a trial court judge should endeavor to routinely spread upon the record when a criminal defendant proposes to enter a guilty plea. Related to the

3. *See Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

right to counsel, we stated that, "If the defendant waives counsel, he should be informed that a waiver of counsel may be accepted only if intelligently and understandingly made and the court should determine this question not only to its own satisfaction, but also on the record for the satisfaction of a reviewing court." 159 W.Va. at 197, 220 S.E.2d at 670. The recommendations outlined in *Call* serve two purposes. First, they ensure that every defendant fully appreciates the implications of the waiver of certain constitutional rights. Second, they ensure that a record is made that is sufficient to demonstrate to a reviewing court that the guilty plea and any waiver of rights thereunder were entered into knowingly and understandingly.

We appreciate that the absence of a written transcript of proceedings in the State's magistrate courts,[4] as well as the less serious direct and collateral consequences for misdemeanors as compared to felonies, militate in favor of allowing substantial flexibility in the method by which those accused of misdemeanors are informed of their constitutional rights. However, in all instances, if the conviction is to withstand collateral attack the record of the proceeding where the plea was taken or other evidence must demonstrate that the defendant waived these rights knowingly and understandingly.

In light of the foregoing discussion, we turn to the question of whether the appellant knowingly and understandingly waived his right to counsel in the two predicate convictions which were used to elevate the most recent DUI charge to a felony.

■ At the outset, we note two matters in evidence relevant to the question of waiver which relate to both of the prior convictions. First, the record indicates that the appellant, who is in his early forties, is of limited intelligence and education. He did not progress beyond eighth grade in school. In 1966, the Orphan's Court of Washington County, Pennsylvania, adjudged him incompetent and appointed a guardian. Psychiatric and psychological evaluations conducted to assess his criminal responsibility and competency to stand trial in the instant case indicate that he has an I.Q. in the mentally retarded range. Although these factors do not, standing alone, mandate a finding of inability to knowingly and understandingly waive the right to counsel, they may have substantial bearing upon other evidence of waiver. *See, e.g., State v. Hamrick*, 160 W.Va. 673, 236 S.E.2d 247 (1977).

Second, contained in the record of both convictions is a fully completed "Rights Certification Form." During his testimony in the proceeding upon the motion to strike the prior convictions, the appellant acknowledged that the several signatures appearing on both forms were his own. Included in the rights forms were the following statements pertaining to the right to counsel:

I have been informed that I have a right to have the assistance of counsel during criminal proceedings against me. I understand that, if I cannot afford counsel, the State will supply me with counsel at no cost to me.

I understand that no person other than a lawyer can represent me during the trial of these charges.

I understand that if I decide to represent myself in the trial of the charges against me, I cannot later claim that I was deprived of my right to a lawyer.

DEFENDANT MUST CHECK THE APPROPRIATE BOX.

____ I give up my right to have counsel.

____ I want counsel appointed for me.

____ I have counsel to represent me.

\* \* \* \* \* \*

I understand that I have a right to communicate with my attorney, a relative, or any other person to obtain an attorney or to arrange bail.

■ As the State acknowledges, the appellant's completion of the rights form in both cases is not conclusive proof of a

---

**4.** In contrast, circuit courts have the resources to preserve a full record of oral proceedings and are required by Rule 11(g) of the West Virginia Rules of Criminal Procedure to make a verbatim record of plea proceedings, including the court's advice to the defendant.

knowing and intelligent waiver. Their completion, however, does constitute prima facie evidence that the waiver of counsel in both instances was proper. Thus, it was incumbent upon the appellant to present evidence which would preponderate against a finding of informed waiver.

Where the record affirmatively discloses that a person accused of a crime expressly waived his constitutional right to assistance of counsel and his constitutional right to trial by jury and entered a plea of guilty to the charge, such waivers and such plea of guilty will not be held in a habeas corpus [or other collateral attack] proceeding to be void on the ground that such waivers were not made intelligently and understandingly or that the plea of guilty was not entered intelligently and understandingly, unless such contentions are supported by proper allegations and by a preponderance of the evidence. Syl. pt. 6, *State ex rel. Powers v. Boles,* 149 W.Va. 6, 138 S.E.2d 159 (1964); Syl. pt., *State ex rel. Fountain v. King,* 149 W.Va. 511, 142 S.E.2d 59 (1965); Syl. pt. 3, *State ex rel. Muldrew v. Boles,* 151 W.Va. 1033, 159 S.E.2d 36 (1967), *overruled on other grounds, State v. Petry,* 166 W.Va. 153, 273 S.E.2d 346 (1980).

Regarding the 1977 plea, the appellant signed the rights form under the information relating to his counsel rights. However, under the section instructing that "DEFENDANT MUST CHECK THE APPROPRIATE BOX", the appellant marked the blank that indicated "I have counsel to represent me." The State does not contend, and nothing in the record indicates, that the appellant ever conferred with a lawyer before entering his plea.

 More importantly, the rights form was signed by the appellant more than one month before he entered his guilty plea. The magistrate on record as the one who accepted the appellant's plea testified, in the pre-trial proceeding on the motion to strike the prior convictions, that he had no independent recollection of what transpired during the taking of this plea. Although this lack of supportive testimony alone would not normally place doubt upon what appears in the rights form or other written record, the circumstances surrounding this particular conviction, as a whole, militate against finding a voluntary and informed guilty plea following an understanding waiver of counsel.

As a fundamental proposition, a waiver of rights, including the right to counsel, should be reasonably contemporaneous to the taking of the plea. *See Call v. McKenzie, supra.* The record of the 1977 conviction contains only an erroneous rights form signed over a month before the actual plea. The only item of record from the date of the plea is the magistrate's judgment order assessing the fine. There is nothing to indicate that the appellant entered the plea and waived counsel voluntarily and understandingly. Given the substantial lapse of time between the arrest and eventual plea, and the fact that the appellant appeared before the magistrate without counsel, the magistrate was under a duty to ascertain, and make it clear by written record, that the appellant understood the rights he would be foregoing upon entering a guilty plea and waived them knowingly.

 Under normal circumstances, if a defendant indicates, correctly or incorrectly, that he has his own counsel, he may not later attack the validity of the conviction on right to counsel grounds. The assertion that one will employ his own counsel removes the necessity of ascertaining the existence of a knowledgeable waiver. The evidence in the instant case, however, particularly in light of the limited mental capacity of the appellant and the failure of the magistrate to determine the accuracy of the one-month old rights form, compels a finding of no knowing and understanding waiver of the right to counsel in the 1977 conviction. As we have previously stated:

[W]aiver of constitutional right is not to be lightly regarded, and if such a waiver is to be implied at all, it can only be in situations in which it is clear that the accused has not only a full knowledge of all facts and of his rights, but a full appreciation of the effects of his voluntary relinquishment. This Court

has held that courts indulge every reasonable presumption against waiver of a constitutional right and will not presume acquiescence in the loss of such fundamental right protected by the Constitution, but it must be demonstrated that the waiver was made knowingly and intelligently. *State v. Eden,* 163 W.Va. at 377–78, 256 S.E.2d at 873 (citations omitted).

 The evidence of a proper waiver under the 1978 conviction is more substantial. The appellant expressly waived counsel in a rights form completed and signed at the time he entered his plea of guilty. Additionally, the testimony of the magistrate who accepted his plea provided further support to the prima facie showing in the record that the waiver of rights and plea were made understandingly. The appellant, on the other hand, did not present sufficient evidence to indicate otherwise. Accordingly, we find the circuit court's refusal to strike this conviction amply supported by the evidence.

As an additional assignment of error the appellant contends there was insufficient evidence in the second trial, the enhancement proceeding, to link him to the 1977 conviction. The appellant argues that since the magistrate in question could not recall the specific event, the magistrate court file was insufficient evidence to support a finding by the jury that he was the same person who was convicted in that case. Our determination above, regarding the constitutional invalidity of the 1977 conviction for enhancement purposes, makes it unnecessary to address this final question.

In conclusion, we note that the record in this appeal indicates that the appellant has a long history of chronic alcohol abuse. Moreover, the psychiatric and psychological evaluations performed to determine the appellant's competency to stand trial in the instant case comment upon his alcohol abuse problem and the need for treatment. This Court has previously reviewed the legislative enactments providing for facilities and treatment of alcoholics, and the financing of such through the dedication of profits realized by the State from the sale of liquor. *See McGraw v. Hansbarger,* 171 W.Va. 758, 301 S.E.2d 848 (1983); *State ex rel. Harper v. Zegeer,* 170 W.Va. 743, 296 S.E.2d 873 (1982). We take this opportunity to emphasize the important role of these enactments in dealing with the chronic DUI offender.

In addition to the appellant, the people of this State are deprived of the benefit of the State's laws which operate against drunk driving when concentrated efforts to treat alcoholic offenders are not undertaken. "Alcoholism is an illness characterized by preoccupation with alcohol and loss of control over its consumption such as to lead usually to intoxication if drinking is begun; by chronicity; by progression; *and by tendency toward relapse." Harper,* 170 W.Va. at 745, 296 S.E.2d at 875 (quoting American Medical Association, *Manual on Alcoholism,* 6 (1968)) (emphasis added). Mother experience teaches that, without treatment of this illness, the likelihood that an alcoholic will repeatedly commit drunk driving offenses is substantial.

 The record before us does not disclose whether the appellant has undergone diagnosis, evaluation or treatment pertaining to his alcohol abuse problem subsequent to his conviction. If he has been serving his sentence, he has a right to such rehabilitative measures, and the people of this State have a right to mandate that the appropriate officials carry out their duties in this regard. *See Cooper v. Gwinn,* 171 W.Va. 245, 298 S.E.2d 781 (1981). The legislature has declared that corrections management is to be carried out "to the end that persons committed to institutions of the State for crime or delinquency shall be afforded individual and group treatment to reestablish their ability to live peaceably...." West Virginia Code § 62–13–1 (1984 Replacement Vol.). Accordingly, we stress that the laws requiring treatment of alcoholic inmates of our State penal institutions should be strictly observed. *See, e.g.,* West Virginia Code §§ 16–1–10(10) & (19) (1985 Replacement Vol.); 25–1–16 (1980 Replacement Vol.); 27–1A–11(3) (Supp.1984); 27–6A–1(e) & (f) (Supp.1984); 28–5–31(b) (Supp.1984); 62–13–4(h) & –5 (1984 Replacement Vol.).

Where little or no incarceration time is involved, rehabilitative treatment for alcohol abuse should be one of the conditions of the sentence in every misdemeanor or felony conviction in which alcohol abuse was a contributing factor. *See State ex rel. Simpkins v. Harvey,* 172 W.Va. 312, 305 S.E.2d 268, 275–76 (1983).

 Additionally, independent of the criminal code, the mental health laws of this State provide for treatment of those addicted to alcohol who pose a danger to themselves and others. Without question, many repeat DUI offenders are addicted alcoholics who pose a clear danger to themselves and others—a threatening menace to the community. The State's mental health laws provide a process of adjudication and rehabilitation for alcoholics which, in many cases, will keep the chronic DUI offender off the road with more success than sole emphasis on criminal prosecution. Irrespective of the results of criminal prosecution, the State, to protect the community from the threatening menace posed by the repeat offender, has a duty to proceed civilly to require treatment. In instances where there is probable cause to suspect alcohol addiction, rehabilitative treatment should be sought by the county prosecutor by application for the institution of proceedings for involuntary commitment to an appropriate mental health facility. *See* West Virginia Code § 27–5–1 *et seq.* (1980 Replacement Vol. & Supp.1984).

 In the instant case, the record clearly reveals probable cause to believe that the appellant suffers from alcohol addiction as defined by West Virginia Code § 27–1–11 (Supp.1984). *See also* West Virginia Code §§ 27–1–12(4) & 27–1–16 (Supp. 1984). Further, his history of use of an automobile while inebriated manifests probable cause to believe he poses a substantial threat of harm to himself and others.[5] Accordingly, the State must act upon its duty of providing and mandating appropriate rehabilitation for the appellant. The appellant's diminished mental capacity is no de-

fense to his demonstrated propensity to drink and drive. If the appellant has not successfully completed rehabilitative treatment subsequent to his conviction, the prosecuting attorney should initiate involuntary commitment proceedings for examination and determination of appropriate treatment in a mental health facility.

Due to the invalidity of the appellant's 1977 DUI conviction for enhancement purposes, the third offense conviction herein is reversed. Further, the State should proceed with institution of mental health hearings consistent with the principles enunciated in this opinion.

Reversed.

---

5. We note, however, that when addiction is found under involuntary commitment proceedings there is a statutory presumption of the

existence of the likelihood to cause serious harm. West Virginia Code § 27–5–2 (Supp. 1984).