382 S.E.2d 71

**BAUER ENTERPRISES, INC., a Corporation**

v.

**Hon. Andrew N. FRYE, Jr., Judge of the Circuit Court of Tucker County, Alma F. Fowler, and James "Jim" Strahin.**

**No. 19019.**

Supreme Court of Appeals of West Virginia.

June 16, 1989.

---

James F. Cain, Elkins, for Bauer Enterprises, Inc.

William M. Miller, Parsons, for Fowler and Strahin.

PER CURIAM:

In this original proceeding in prohibition, the relator, Bauer Enterprises, Inc. (Bauer), asks that we direct the respondent, the Honorable Andrew N. Frye, Jr.,

Judge of the Circuit Court of Tucker County, to grant the petitioner's motion for a summary judgment against the respondent, Alma F. Fowler. Bauer's contention is that the trial court clearly acted in excess of its authority since there was no genuine issue of material fact. We disagree, and deny the writ.

Certain facts are undisputed. Beginning in the fall of 1986, and at various times thereafter, Bauer furnished materials to James "Jim" Strahin, doing business as PTL Builders, an unincorporated company. This was for the construction of two dwellings or buildings on adjoining parcels of land, Lots No. 17 and 18, which he owned in Lambert Meadows, Parsons, West Virginia. On December 17, 1986, Ms. Fowler purchased from Mr. Strahin the dwelling constructed on Lot No. 18. As part of the closing transaction, a release of mechanic's lien was executed by Bauer and other suppliers of materials, supplies, or equipment supplied to Jim Strahin as contractor for the construction of the dwelling on Lot No. 18.

On April 25, 1987, the PTL Builders account with Bauer had an unpaid balance due and owing in the sum of $13,738.73. This included two window screens purchased on March 26, 1987, the last items allegedly sold and delivered to Ms. Fowler. On May 20, 1987, Bauer perfected a materialman's lien for the outstanding balance against the Fowler property. In July, 1987, Bauer commenced an action to enforce the materialman's lien and, in October, 1987, moved for summary judgment in accordance with Rule 56 of the West Virginia Rules of Civil Procedure. Bauer submitted supporting affidavits by its agents, a delivery person and an accountant/bookkeeper.

Bauer claims that it was entitled to a materialman's lien for materials or supplies used in the construction of the Fowler home by virtue of a contract between it and the general contractor, Mr. Strahin. W.Va. Code, 38–2–4 (1923).

On January 25, 1988, the circuit court heard testimony from Bauer's affiants about the sale and delivery of materials for use on the Fowler property.[1] Bauer's delivery person, on cross-examination, testified that he had not delivered the screens to Lot No. 18, but that Mr. Strahin had picked them up at the Bauer store. The accountant testified on cross-examination that the Bauer records showed that the screens were sold to Mr. Strahin, d/b/a PTL Builders, but she could not tell from the records how the screens were transferred or in which house they were used.

An outside salesman for Bauer testified that he took the order for the screens from PTL Builders. He also confirmed that invoices for other goods and chattels reflected the transactions which took place between Bauer and PTL Builders. On cross-examination, he stated that he knew Mr. Strahin had built two adjacent houses and that there was no way to tell what material was used in Ms. Fowler's house except by the time frame. The circuit court denied Bauer's motion for summary judgment, concluding that the facts were not undisputed.

Bauer renewed its motion for summary judgment and assigned as a ground that its affidavits were not rebutted by counter affidavits or any other proof whatsoever. The court again overruled the motion for summary judgment on February 14, 1989. By agreement between the parties, the circuit court heard testimony on Bauer's renewed motion for summary judgment. Mr. Strahin appeared for Bauer. He stated that he personally delivered the screens to Ms. Fowler. On cross-examination, he stated that he had built the two houses at the same time and did not know which Bauer materials had been used in Ms. Fowler's house. Consequently, he could not say which part of the bill owed to Bauer was for materials used in Ms. Fowler's house. He also stated that Bauer had executed a release of a mechanic's lien prior to the

---

**1.** Rule 43(e), W.Va.R.C.P., authorizes the use of oral testimony on motions: "(e) *Evidence on motions.* When a motion is based on facts not appearing of record the court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or deposition."

December, 1986 closing on Ms. Fowler's house. At the conclusion of the hearing, the court again ruled that there was a material issue of fact to be resolved and denied the motion for summary judgment.

■ Bauer rests its entitlement to a summary judgment on our holding in Syllabus Point 1 of *Crain v. Lightner*, 178 W.Va. 765, 364 S.E.2d 778 (1987), which states:

> " ' "Under the provisions of Rule 56 of the West Virginia Rules of Civil Procedure, when the moving party presents depositions, interrogatories, affidavits or otherwise indicates there is no genuine issue as to any material fact, the resisting party to avoid summary judgment must present some evidence that the facts are in dispute." Syl. pt. 2, *Guthrie v. Northwestern Mutual Life Insurance Co.*, 158 W.Va. 1, 208 S.E.2d 60 (1974).' Syl. pt. 5, *McCullough Oil, Inc. v. Rezek*, 176 W.Va. 638, 346 S.E.2d 788 (1986)."

In this case, Ms. Fowler neither submitted affidavits nor presented any witnesses on her behalf. Bauer appears to argue that the testimony elicited by Ms. Fowler by cross-examination did not meet the *Crain* standard for "presenting some evidence" to resist a summary judgment motion. However, this testimony did raise issues of material fact which bring the case within the traditional summary judgment rule announced in Syllabus Point 3 of *Aetna Casualty & Surety Co. v. Federal Ins. Co. of N.Y.*, 148 W.Va. 160, 133 S.E.2d 770 (1963):

> "A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law."

*See Bryan v. Massachusetts Mutual Life Ins. Co.*, 178 W.Va. 773, 364 S.E.2d 786 (1987); *Lusk v. Doe*, 175 W.Va. 775, 338 S.E.2d 375 (1985); *Consolidated Gas Supply Corp. v. Riley*, 161 W.Va. 782, 247 S.E.2d 712 (1978).

■ The testimony by Mr. Strahin and Bauer's agents could not establish which materials had been used to construct Ms. Fowler's house. The date of the last delivery of materials was also unclear. It appeared that Bauer, as well as Mr. Strahin, d/b/a PTL Builders, had previously released Ms. Fowler from all amounts owed at the time she purchased the property.[2] Furthermore, it must be remembered that Ms. Fowler did not own the property at the time the materials were supplied, as the builder, Mr. Strahin, owned the property until title was transferred to Ms. Fowler at the bank. With no mechanic's lien filed prior to the closing and a general release of mechanic's lien signed by Bauer, as well as the contractor, there may well be a waiver. *See Contract Builders Serv. Corp. v. Eland*, 101 Ill.App.3d 366, 56 Ill.Dec. 859, 428 N.E.2d 178 (1981); *see generally* Annot., 33 A.L.R.4th 1017 (1984).

■ We find Bauer's other assignments of error to be without merit. Bauer asks us to reverse the circuit court for failing to articulate findings of fact and conclusions of law in its denial of the summary judgment motion. The requirement for findings of fact and conclusions of law "[i]n all actions tried upon the facts without a jury ..." under Rule 52(a) of the West Virginia Rules of Civil Procedure, does not apply to motions made under Rule 56. *See* D. Olson, *Modern Civil Practice in West Virginia, Trials* § 7.33 at 391 (1984).

■ Bauer asserts Ms. Fowler, in her answer, admitted that the material was delivered and only contested the timeliness of the materialman's lien filing. Ms. Fowler's vague answer to the paragraph in Bauer's complaint alleging that some materials were delivered to Ms. Fowler's lot does not preclude her from contesting the delivery and use of materials in her house.

■ Lastly, Bauer's claim of unjust enrichment is premised on the fact that all the materials in question were delivered to Ms. Fowler for her benefit. The testimony, however, was to the contrary. The materi-

---

**2.** The issue of the effect of this release of mechanic's liens was apparently not raised below. A copy of the release was submitted to this Court after the record was made. The testimony of Mr. Strahin reveals that the release was given at the time of the closing of the house purchase at the bank. This was presumably done to enable the bank to obtain a valid first lien for its deed of trust.

als were delivered to the owner-builder, Mr. Strahin. In any event, this is at best a factual matter not resolvable in prohibition.

This Court will issue a writ of prohibition for the reasons set out in the single Syllabus of *Ash v. Twyman,* 174 W.Va. 177, 324 S.E.2d 138 (1984):

" 'In determining whether to grant a rule to show cause in prohibition when a court is not acting in excess of its jurisdiction, this Court will look to the adequacy of other available remedies such as appeal and to the over-all economy of effort and money among litigants, lawyers and courts; however, this Court will use prohibition in this discretionary way to correct only substantial, clear-cut, legal errors plainly in contravention of a clear statutory, constitutional, or common law mandate which may be resolved independently of any disputed facts and only in cases where there is a high probability that the trial will be completely reversed if the error is not corrected in advance.' Syl. pt. 1, *Hinkle v. Black,* [164] W.Va. [112], 262 S.E.2d 744 (1979)."

It is the opinion of this Court that the petitioner has not demonstrated by the record any clear-cut legal error based upon undisputed facts.

For the foregoing reasons, the petition for a writ of prohibition is hereby denied.

Writ denied.