447 S.E.2d 570

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Mabel LEWIS, A/K/A Mabel Beasley, Defendant Below, Appellant.**

No. 21835.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 12, 1994.

Decided July 19, 1994.

John Newson, Asst. Atty. Gen., Charleston, for appellee.

Scott A. Ash, Public Defender's Office, Princeton, for appellant.

WORKMAN, Justice:

Mabel Lewis appeals from a January 13, 1993, conviction for third offense shoplifting for which she was sentenced by the Circuit Court of Mercer County to an indeterminate term of not less than one nor more than ten years in the state penitentiary and fined $500 pursuant to mandatory sentencing laws. We reverse and remand this case for consideration by the circuit court of the alternative sentencing requested by Appellant.

On June 13, 1991, Appellant, a forty-five-year-old woman, entered the Princeton, West Virginia, Kroger store. The store's co-manager, Dan Watson, observed the Appellant placing boneless center loin chops and garlic powder into her purse while she was shopping throughout the store. While she paid for the items she placed in her cart at the checkout counter,[1] she did not remove or pay for the pork chops and garlic powder, which were collectively valued at $ 8.83. After she proceeded past the checkout area, Mr. Watson stopped her to question her, whereupon

1. The cost of the items that she paid for was    approximately $90.

the pork chops and garlic powder were discovered in her purse.

Appellant was indicted in October 1991 for the felony of third offense shoplifting.[2] She had been on probation for second offense shoplifting at the time she committed the June 13, 1991, offense. Appellant was convicted for third offense shoplifting on January 13, 1993, and sentenced according to mandatory sentencing for such offense[3] to one to ten years in the state penitentiary and fined $500.

As the basis for her appeal, Appellant assigns as error the trial court's failure to accept a proffered plea agreement; the trial court's failure to reduce the charges from third offense to second offense on the grounds that some of her prior convictions were uncounselled; and the trial court's failure to permit alternate sentencing in view of her health conditions and the nonviolent nature of the offense.

■ We quickly dispense with Appellant's initial assignment of error as Rule 11 of the West Virginia Rules of Criminal Procedure expressly provides for the trial court's rejection of a plea agreement. *See* W.Va. R.Crim.P. 11(e)(4). As we established in syllabus point six of *Myers v. Frazier*, 173 W.Va. 658, 319 S.E.2d 782 (1984),

> A primary test to determine whether a plea bargain should be accepted or rejected is in light of the entire criminal event and given the defendant's prior criminal record whether the plea bargain enables the court to dispose of the case in a manner commensurate with the seriousness of the criminal charges and the character and background of the defendant.

*Id.* at 662, 319 S.E.2d at 786. The record reveals that the trial court made specific findings regarding why he was rejecting the plea agreement. Those findings included the Appellant's lack of contriteness, her manipulation of the system, and the fact that she had twice previously avoided the one year mandatory incarceration statutorily imposed for third offense shoplifting. On the facts of this case, we conclude that the trial court did not abuse its discretion in refusing to accept the plea agreement.

■ Appellant's second assignment of error is essentially that, because some of her prior convictions were uncounselled, it was error to use those convictions as a basis for charging her with a third offense violation. This argument is predicated on our holding in syllabus point one of *State v. Armstrong*, 175 W.Va. 381, 332 S.E.2d 837 (1985), that

> [u]nder the sixth amendment of the federal constitution and article III, section 14 of the West Virginia Constitution, unless an individual convicted of a misdemeanor was represented by counsel or knowingly and intelligently waived the right to counsel, such prior conviction may not be used to enhance a sentence of imprisonment for a subsequent offense.

*Id.* at 383, 332 S.E.2d at 839.

■ The record reflects that Appellant was represented by counsel on each of her two prior third offense shoplifting charges.[4] In connection with each of those charges, Appellant entered a plea agreement whereby she pled guilty to second offense shoplifting. The State argues that, by definition, in the course of pleading guilty to at least one of the two counselled second offense shoplifting charges, Appellant had to have admitted to an earlier conviction for first offense shoplifting. Moreover, the State notes that Appellant has never sought to challenge the constitutionality of any of her plea agreements based either on an assertion of lack of coun-

---

**2.** This is actually the third time that Appellant has been charged with third offense shoplifting. On September 26, 1988, and on June 7, 1989, she was arrested and charged with third offense shoplifting. In both of these cases, she was represented by counsel and pled guilty to second offense shoplifting.

**3.** West Virginia Code § 61-3A-3(c) (1992) states:
Upon a third or subsequent shoplifting conviction, regardless of the value of the merchan-

dise, the defendant shall be guilty of a felony and shall be fined not less than five hundred dollars nor more than five thousand dollars, and shall be imprisoned in the penitentiary for one to ten years. At least one year shall actually be spent in confinement and not subject to probation.

**4.** *See supra* note 2.

sel or lack of a knowing and intelligent waiver of counsel.

■ To be properly charged with third offense shoplifting requires only that the accused have been previously convicted of two shoplifting offenses within the preceding seven-year period. *See* W.Va.Code § 61–3A–3(e) (1992). There is no requirement that one of the two prior convictions be for first offense shoplifting, only that there be two prior convictions. *See State v. Barker*, 179 W.Va. 194, 199, 366 S.E.2d 642, 647 (1988) (recognizing that two prior first offense DUI convictions were sufficient predicate for third offense DUI conviction). Since Appellant was convicted twice for shoplifting offenses within the seven-year period preceding the current shoplifting charge, she was properly charged with third offense shoplifting. Since Appellant was represented by counsel in connection with each of her two prior second offense shoplifting convictions, this assignment of error is without merit.

Appellant's final assignment of error arises from the trial court's failure to consider and utilize alternative sentencing. The State's position on this issue is that the statute, as written, does not permit the sentencing court any latitude in sentencing. West Virginia Code 61–3A–3(c) (1992) provides:

> Upon a third or subsequent shoplifting conviction, regardless of the value of the merchandise, the defendant shall be guilty of a felony and shall be fined not less than five hundred dollars nor more than five thousand dollars, and shall be imprisoned in the penitentiary for one to ten years. At least one year shall actually be spent in confinement and not subject to probation.

In furtherance of its position, the State cites to this Court's discussion in *State v. Morris*, 187 W.Va. 737, 421 S.E.2d 488 (1992), concerning comparable sentencing requirements for third offense DUI:

> [T]his Court believes that the Legislature, by inserting specific language in *W.Va. Code*, 17B–4–3(b), relating to imprisonment in the 'penitentiary' in conjunction with language relating to a 'mandatory jail sentence', departed from its usual method of describing sanctions for crimes and intended that individuals convicted serve actual jail sentences and not be eligible for the usual panoply of options that result in less onerous conditions.

*Id.* at 739, 421 S.E.2d at 490. Emphasizing the similarity between the sentencing language for third offense DUI [5] and third offense shoplifting, the State argues that the same legislative intent referred to in *Morris* permeates West Virginia Code 61–3A–3(c) and therefore, incarceration is mandatory.

While Appellant admits the lack of precedent for deviating from the mandatory penalty for third offense shoplifting, she notes the existence of authority for relaxing the mandatory sentence requirements for first and second offense DUI. In *Morris,* this Court held that an individual convicted of either first or second offense DUI or driving while his license is revoked for DUI could be granted home confinement under the Home Detention Act, West Virginia Code §§ 62–11B–1 to –12 (Supp.1994), in lieu of confinement in a county jail.[6] 187 W.Va. at 740, 421 S.E.2d at 491 n. 2. Appellant cites several reasons as justification for extending the *Morris* exception to her case. First, she argues that the nonviolent nature of shoplifting should be considered, as well as the impossibility of harm to others, in contrast to the much elevated possibility of harm to others inherent in a DUI offense. Second, Appellant notes the overcrowding situation in the penitentiary and suggests that alternative sentencing is one method of dealing with this problem. Appellant's health problems, which include blood pressure problems, sei-

---

5. The penalty for third offense DUI is:
   such person shall be guilty of a felony, and, upon conviction thereof, shall be imprisoned in the penitentiary for not less than one year nor more than three years and, in addition to such mandatory jail sentence, shall be fined not less than three thousand dollars nor more than five thousand dollars.
   W.Va.Code § 17B–4–3(b) (Supp.1994).

6. This holding was expressly limited in its application as we indicated that "[t]his deviation from the mandatory confinement ... shall exist until the state correctional facility under construction at Mt. Olive is complete and open for the housing of inmates." 187 W.Va. at 740, 421 S.E.2d at 491 n. 2.

zures, convulsions, and blood sugar problems, will be complicated by incarceration and will also be a great expense to the State. Accordingly, she maintains that home confinement is a preferable sentencing alternative to incarceration for Appellant and that under this Court's holding in *Morris,* the authority exists for carving an exception to the mandatory sentencing requirements of West Virginia Code § 61–3A–3(c). *See* 187 W.Va. at 740, 421 S.E.2d at 491 n. 2.

In reviewing the criminal penalties imposed by other states for shoplifting,[7] one glaring difference between our statute and those of other jurisdictions is readily apparent. Although several states impose similar mandatory periods of incarceration for subsequent shoplifting offenses, only one of the other statutes reviewed,[8] contains a proscription against probation for a third or subsequent offense of shoplifting. *See* W.Va.Code 61–3A–3(c). Since West Virginia Code § 61–3A–3(c) expressly forbids the use of probation, it impliedly prohibits the use of an alternative sentence such as home confinement. *See* W.Va.Code §§ 62–11B–1 to –12. The question that arises next is whether the purposeful effacement of alternative sentencing from the penalties imposed by West Virginia Code § 61–3A–3(c) is constitutional.

■ To resolve this issue, we review our holdings regarding the proportionality principle. In syllabus point eight of *State v. Vance,* 164 W.Va. 216, 262 S.E.2d 423 (1980), we ruled that: "Article III, Section 5 of the West Virginia Constitution, which contains the cruel and unusual punishment counterpart to the Eighth Amendment of the United States Constitution, has an express statement of the proportionality principle: 'Penalties shall be proportioned to the character and degree of the offense.' " *Id.* at 217, 262 S.E.2d at 425. We also held in syllabus point 4 of *Wanstreet v. Bordenkircher,* 166 W.Va. 523, 276 S.E.2d 205 (1981), that "our constitutional proportionality standards theoretically can apply to any criminal sentence...." *Id.,* 166 W.Va. 523, 276 S.E.2d at 207, syl. pt. 4, in part.

■ In *Bordenkircher,* we discussed at length the analysis for determining whether a statute survives constitutional muster on the grounds of proportionality. *See* 166 W.Va. at 528–38, 276 S.E.2d at 209–14. As we explained in *Bordenkircher,*

> [i]n determining whether a given sentence violates the proportionality principle found in Article III, Section 5 of the West Virginia Constitution, consideration is given to the nature of the offense, the legislative purpose behind the punishment, a comparison of the punishment with what would be inflicted in other jurisdictions, and a comparison with other offenses within the same jurisdiction.

166 W.Va. at 537, 276 S.E.2d at 214 and syl. pt. 5.[9]

■ Comporting with the analysis required by *Bordenkircher,* we first observe that the nature of the offense of shoplifting, as Appellant emphasizes, is nonviolent and necessarily limited in its ability to inflict harm on others. Given the absence of any legislative history regarding the intent underlying the imposition of mandatory incarceration for third offense shoplifting, we can only surmise that the statute's purpose was to create a strong deterrent against the commission of this particular crime. As discussed above, we have located only one other jurisdiction which carries the same express

---

7. *See* Alaska Stat. § 11.46.220 (1993); Ariz.Rev. Stat.Ann. § 13–1805 (Supp.1993); Fla.Stat.Ann. § 812.015 (West Supp.1994); Ga.Code Ann. § 16–8–14 (1992); Haw.Rev.Stat. § 708–833.5 (1985); Mass.Gen.Laws Ann. ch. 266, § 30A (West 1990); Miss.Code Ann. § 97–23–93 (1994); Neb.Rev.Stat. § 28–511.01 (1989); N.H.Rev.Stat. Ann. § 644:17 (1986); N.J.Stat.Ann. § 2C:20–11 (West 1982); Vt.Stat.Ann. tit. 13, §§ 2575, 2577 (Supp.1993); Wyo.Stat. § 6–3–404 (1993).

8. *See* Ga.Code Ann. § 16–8–14 (1992).

9. The United States Supreme Court in *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983) stated its criteria for analyzing the proportionality principle:

> [A] court's proportionality analysis under the Eighth Amendment should be guided by objective criteria, including (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions.

*Id.* at 292, 103 S.Ct. at 3011.

requirement that probation or other alternative sentencing cannot be utilized in sentencing for third or subsequent offense shoplifting. *See supra* note 8. As contrasted to other offenses committed within this State, we note that probation and alternative sentencing are permitted for a variety of criminal offenses, many of which are viewed societally as warranting more severe penalties than shoplifting and certainly more in need of requiring incarceration as a penalty. *See e.g.,* W.Va.Code §§ 60A-4-401 (1992) (controlled substance manufacture, delivery, or possession); 61-2-2 (1992) (first degree murder); 61-2-12 (1992) (robbery); 61-3-1 (arson); 61-3-13 (Supp.1994) (grand larceny); 61-8B-3 (1992) (first degree sexual assault).

Even against this admittedly abbreviated *Bordenkircher* analysis, the penalty imposed by West Virginia Code § 61-3A-3(c) appears disproportionate in its removal of alternate sentencing from those penalties permitted for third offense shoplifting. The Legislature ultimately adopted this same view as the statute was amended in 1994 to insert the following new language to West Virginia Code § 61-3A-3(c): "Provided, That an order for home detention by the court pursuant to the provisions of article eleven-b [§ 62-11B-1 et seq.], chapter sixty-two of this code may be used as an alternative sentence to the incarceration required by this subsection." W.Va.Code § 61-3A-3(c) (1994). With the 1994 amendments to West Virginia Code § 61-3A-3(c), a court may now sentence a third offense shoplifter to home detention. *See id.*

In *Bordenkircher,* when addressing whether the imposition of the life recidivist sentence, West Virginia Code § 61-11-18 (Supp. 1994),[10] for a third felony of forging a $43 check violated the proportionality principle, this Court stated that:

> [w]e cannot conceive of any rational argument that would justify this sentence in light of the nonviolent nature of this crime and the similar nature of the two previous crimes, unless we are to turn our backs on the command of our proportionality clause

and merely conclude that regardless of the gravity of the underlying offenses the maximum life sentence may be imposed. This would ignore the rationality of our criminal justice system where penalties are set according to the severity of the offense.

166 W.Va. at 537-38, 276 S.E.2d at 214.

While this case does not involve a general recidivist statute such as West Virginia Code § 61-11-18, the rationale stated in *Bordenkircher* is equally applicable here in that statutes such as West Virginia Code § 61-3A-3(c) are specific recidivist statutes. *See Ansell v. Commonwealth,* 219 Va. 759, 762, 250 S.E.2d 760, 762 (1979). Thus, notwithstanding the mandatory nature of the penalty enhancing language of West Virginia Code § 61-3A-3(c), this Court is still required to consider the gravity of the offense in determining whether the penalty imposed comports with the proportionality principle.

Without intending to minimize the criminal aspect of shoplifting and its attendant costs to society, we cannot, with a clear collective conscience, conclude that Appellant deserves to be imprisoned for a minimum of one year for failing to pay for $ 8.83 worth of groceries. Accordingly, we hold that prior to the 1994 amendments, West Virginia Code § 61-3A-3(c) (1981) was unconstitutional in that it violated the cruel and unusual proscription of the Eighth Amendment to the United States Constitution and Article III, Section 5 of the West Virginia Constitution by imposing a disproportionate sentence to the crime committed by expressly prohibiting probation and implicitly prohibiting alternative sentencing.

Based on the foregoing, we reverse the decision of the Circuit Court of Mercer County and remand this case for consideration of the alternative sentencing requested by Appellant.

Reversed and remanded.

**10.** This statute provides that when an individual has been "twice before convicted in the United States of a crime punishable by confinement in a penitentiary, the person shall be sentenced to be confined in the penitentiary for life." W.Va. Code § 61-11-18(c).