447 S.E.2d 576

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Eric DAY, Defendant Below, Appellant.**

No. 21884.

Supreme Court of Appeals of West Virginia.

Submitted June 7, 1994.

Decided July 19, 1994.

Larry Frail, Pros. Atty. for Raleigh County, Kristen L. Keller, Chief Deputy Pros. Atty., Beckley, for appellee.

Warren R. McGraw, II, Beckley, for appellant.

PER CURIAM:

Eric Day appeals his five convictions of shoplifting, third offense and the fines imposed as part of his sentence. On appeal Mr. Day alleges that his convictions should be reversed because he was unrepresented by counsel during one of his prior convictions used to enhance his sentence and that the shoplifting statute unconstitutionally imposes a fine of double the value of the merchandise taken. Because Mr. Day's allegations are without merit, we affirm both his convictions and the fines imposed as part of his sentence.

Mr. Day was charged with five separate incidents of shoplifting. On July 25, July 26, August 3 and August 14, 1992, Mr. Day allegedly shoplifted cartons of cigarettes and in a separate incident on August 14, 1992, Mr. Day allegedly shoplifted two twelve-packs of beer. The State presented video-tapes of the July 25, August 3 and August 14, 1992 (beer) incidents showing Mr. Day shoplifting. On July 26, 1992, Mr. Day was stopped leaving the store with the cigarettes

by the store's security guards and in the other incident on August 14, 1992, Mr. Day was recognized by the store clerk from his earlier store visits. In each instance, Mr. Day was positively identified as the person who shoplifted.

Mr. Day was charged and convicted by a jury of five counts of third offense shoplifting and one count of obstructing an officer. Each of the five counts of third offense shoplifting alleged that Mr. Day's first two convictions for shoplifting occurred on January 21, 1992 and March 9, 1992. On January 21, 1992, Mr. Day, who was represented by a public defender, pled guilty to a second offense shoplifting for a November 27, 1991 theft from a grocery store and was sentenced to six months and one day. On March 9, 1992, while serving his sentence for his January 21, 1992 conviction, Mr. Day, who this time was not represented by counsel, was taken before a magistrate and pled guilty to first offense shoplifting, a misdemeanor, for a theft from a Super America store that occurred on December 26, 1991.[1] On March 9, 1992, Mr. Day was fined and returned to jail to complete his sentence for his January 21, 1992 conviction.

After the jury found Mr. Day guilty, Mr. Day was sentenced to terms of 1 to 10 years, for each of the five third offense shoplifting convictions, with the sentences for two convictions to run consecutively and the sentences for the remaining three convictions to run concurrently with the other sentences, for an effective sentence of two to twenty years.[2] Mr. Day was fined $500 on each shoplifting conviction, the costs of the proceeding and the greater of either $50.00 or double the value of the merchandise taken for each conviction.[3] According to Mr. Day's petition for appeal, the following additional mandatory fines were imposed: $160.00 for the first conviction; $64.72 for the second conviction; $76.00 for the third conviction; $164.90 for the fourth conviction; and, $50.00 for the fifth conviction.

Following the denial of Mr. Day's motion for a new trial, Mr. Day appealed to this Court alleging the following assignments of error: (1) a photographic lineup unfairly depicting the defendant should not have been admitted; (2) a proper chain of custody was not established for the videotapes showing the defendant taking various items; (3) the State improperly used a prior shoplifting conviction during which Mr. Day was not represented by counsel to enhance his sentence; and (4) the mandatory fine of the greater of either $50.00 or double the value of the shoplifted item is an unconstitutional taking without due process.

I

■ Mr. Day alleges that the circuit court should not have admitted a photographic lineup in which Mr. Day's photograph was centered but the other individuals in the lineup were off-center or "slipped to the left." The circuit court considered the matter during an *in camera* hearing where the State informed the Court that the photographs were not off-center when the witnesses originally saw them; rather, the photographs slipped in the frame when they were carried around. After viewing the photographs, the circuit court found that the photographs were not "improperly suggestive ... they are all black persons; there are mustaches, or appearance of mustaches, in all of them; they're all dressed reasonably similar...."

1. Apparently on March 9, 1992 Mr. Day was erroneously charged with first offense shoplifting because the citizen-complainant did not have access to Mr. Day's record.

2. Unlike our recent case of *State v. Lewis*, 191 W.Va. 635, 640, 447 S.E.2d 570, 575 (1994) (finding *W.Va.Code* 61-3A-3(c) [1981] "violates the cruel and unusual proscription of the Eighth Amendment to the United States Constitution and Article III, Section 5 of the West Virginia State Constitution by imposing a disproportionate sentence to the crime committed by expressly prohibiting probation and implicitly prohibiting alternative sentencing"), Mr. Day does not allege that his minimum effective sentence of two years, without the possibility of probation or alternative sentencing, is unconstitutional.

3. In addition to his shoplifting convictions, Mr. Day was convicted both of obstructing an officer and of battery and was sentenced to serve six months and 10 days, respectively, with these two sentences to run concurrently with the shoplifting sentences. Mr. Day has not appealed these convictions.

The witnesses who had been shown the photograph lineup, testified that they recognized Mr. Day during the shoplifting incidents. One witness had known Mr. Day for over a year and a half, had talked to him when he entered the store and had watched Mr. Day take the cigarettes. The videotape of this incident showed Mr. Day taking the cigarettes. The other witness said she had seen Mr. Day in her store at least three times before the crime. In fact, this witness stood right next to Mr. Day talking and even arguing with him before Mr. Day grabbed the cigarettes and fled pushing her out of the way. This witness identified Mr. Day on a videotape of another incident before the tape showed Mr. Day shoplifting.

Even though the circuit court did not consider the off-center photographs to be suggestive, the jury was instructed to view the "totality of the circumstances" to determine if Mr. Day's identification was reliable.

■ Our rule for determining when a witness' out-of-court identification is so tainted that a suppression of an in-court identification is required was stated in Syl. pt. 3, *State v. Casdorph,* 159 W.Va. 909, 230 S.E.2d 476 (1976):

In determining whether an out-of-court identification of a defendant is so tainted as to require suppression of an in-court identification a court must look to the totality of the circumstances and determine whether the identification was reliable, even though the confrontation procedure was suggestive, with due regard given to such factors as the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.

*In accord* Syl. pt. 1, *State v. Brown,* 177 W.Va. 633, 355 S.E.2d 614 (1987); Syl. pt. 2, *State v. Gravely,* 171 W.Va. 428, 299 S.E.2d 375 (1982); Syl. pt. 6, *State v. Demastus,* 165 W.Va. 572, 270 S.E.2d 649 (1980); Syl. pt. 1, *State v. Williams,* 162 W.Va. 348, 249 S.E.2d 752 (1978).

In this case, the circuit court determined that procedures were not suggestive and allowed the jury to consider the in-court identification's reliability. *See State v. Payne,* 167 W.Va. 252, 262–63, 280 S.E.2d 72, 78–79 (1981). The record indicates that the witnesses' out-of-court and in-court identifications were not based on the off-centered photographs. We note that there was sufficient evidence to justify the jury's determination that the in-court identifications were reliable. We find no reversible error in the circuit court's refusal to suppress the photographs.

## II

■ Mr. Day alleges that the videotapes of the shoplifting incidents should have been suppressed because the State failed to establish a proper chain of custody because various officers with the Beckley City Police Department had keys to the tape storage room. Officer Tipton of the Beckley City Police Department testified that except when the videotapes were viewed, they had been in the Department's secured evidence area or in his care, custody and control. Officer Tipton also testified that he "watched them [the videotapes] before they left the stores, and I've watched them since, and it's [sic] the same." Based on Officer Tipton's testimony that the videotapes had not been altered or changed, the circuit court admitted the videotapes into evidence.

In this case we find that the videotapes were properly admitted given Officer Tipton's testimony that the videotapes had not been altered or changed.

## III

■ Mr. Day maintains that the State improperly used his March 9, 1992 shoplifting conviction, during which he was not represented by counsel, for enhancement purposes. The record shows that on March 9, 1992 Mr. Day pled guilty to shoplifting, first offense for shoplifting merchandise valued under $100.00. The March 9, 1992 shoplifting complaint was brought in magistrate court by a citizen-complainant who did not have access to Mr. Day's prior shoplifting convictions. On March 9, 1992, Mr. Day was

serving his six months and a day sentence for his January 21, 1992 conviction for shoplifting, second offense. During his January 21, 1992 shoplifting conviction, Mr. Day who pled guilty to the shoplifting, second offense charge, and was represented in that case by counsel from the public defender's office. On March 9, 1992, Mr. Day was not represented by counsel and the record contains no information concerning any waiver of his rights.

The State's evidence of Mr. Day's January 21, and March 9, 1992 convictions for shoplifting, second offense and first offense, respectively, was admitted without objection. After the State rested its case, Mr. Day's lawyer made a motion for acquittal because Mr. Day "could not appreciate the seriousness of a third offense if one—if he were to participate in such a matter." In denying the motion, the circuit court noted Mr. Day's "courtroom experience ... particularly with shoplifting offenses" had probably informed him of the serious nature of shoplifting, third offense. During the discussion of the acquittal motion, the circuit court said he would consider a defense motion on "the question of whether or not, if counsel is not provided, as in the earlier DUI cases, whether that could be used for the purposes of enhancement

penalties on a DUI case." When asked if the defense had anything further, Mr. Day's lawyer said, "No, Your Honor."

On appeal, Mr. Day alleges that because his guilty plea on March 9, 1992 was made without benefit of counsel, that conviction cannot be used for enhancement purposes. Under *W.Va.Code* 61–3A–3(a) [1981], a first offense shoplifting of items valued under $100 dollars is a misdemeanor with a fine of not more that $50.00. *W.Va.Code* 61–3A–3(a) [1981] states:

*First offense conviction.*—Upon a first shoplifting conviction:

(1) When the value of the merchandise is less than or equal to one hundred dollars, the defendant shall be guilty of a misdemeanor and shall be fined not more than two hundred fifty dollars.

(2) When the value of the merchandise exceeds one hundred dollars, the defendant shall be guilty of a misdemeanor and shall be fined not less than one hundred dollars, nor more than five hundred dollars, and such fine shall not be suspended; or the defendant shall be imprisoned in the county jail not more than sixty days; or both fined and imprisoned.[4]

---

4. Although *W.Va.Code* 61–3A–3 was amended in 1994, Mr. Day was convicted under the 1981 version, which in its entirety provides:

A person convicted of shoplifting shall be punished as follows:

(a) *First offense conviction.*—Upon a first shoplifting conviction:

(1) When the value of the merchandise is less than or equal to one hundred dollars, the defendant shall be guilty of a misdemeanor and shall be fined not more than two hundred fifty dollars.

(2) When the value of the merchandise exceeds one hundred dollars, the defendant shall be guilty of a misdemeanor and shall be fined not less than one hundred dollars, nor more than five hundred dollars, and such fine shall not be suspended; or the defendant shall be imprisoned in the county jail not more than sixty days; or both fined and imprisoned.

(b) *Second offense conviction.*—Upon a second shoplifting conviction:

(1) When the value of the merchandise is less than or equal to one hundred dollars, the defendant shall be guilty of a misdemeanor and shall be fined not less than one hundred dollars nor more than five hundred dollars, and such fine shall not be suspended; or the defendant shall be imprisoned in the county

jail not more than six months; or both fined and imprisoned.

(2) When the value of the merchandise exceeds one hundred dollars, the defendant shall be guilty of a misdemeanor and fined not less than five hundred dollars and shall be imprisoned in the county jail for not less than six months nor more than one year. At least thirty days shall actually be spent in confinement and not subject to probation.

(c) *Third offense convictions.*—Upon a third or subsequent shoplifting conviction, regardless of the value of the merchandise, the defendant shall be guilty of a felony and shall be fined not less than five hundred dollars nor more than five thousand dollars, and shall be imprisoned in the penitentiary for one to ten years. At least one year shall actually be spent in confinement and not subject to probation.

(d) *Mandatory penalty.*—In addition to the fines and imprisonment imposed by this section, in all cases of conviction for the offense of shoplifting, the court shall order the defendant to pay a penalty to the mercantile establishment involved in the amount of fifty dollars, or double the value of the merchandise involved, whichever is higher. The mercantile establishment shall be entitled to collect such mandatory penalty as in the case of a civil judgment. This penalty shall be in addition to the mercan-

In *State v. Armstrong,* 175 W.Va. 381, 332 S.E.2d 837 (1985), we recognized the right to counsel for all those accused of serious crimes where imprisonment might be imposed and refused to allow uncounseled prior convictions, without a knowing and intelligent waiver, to be used to enhance the sentence for a subsequent offense. Syl. pt. 1, *Armstrong* states:

> Under the sixth amendment of the federal constitution and article III, section 14 of the West Virginia Constitution, unless an individual convicted of a misdemeanor was represented by counsel or knowingly and intelligently waived the right to counsel, such prior conviction may not be used to enhance a sentence of imprisonment for a subsequent offense.

In *Armstrong,* we refused to allow one of the defendant's two prior convictions for DUI during which the defendant lacked counsel and had not effectively waived his right to counsel, to be used to enhance his sentence for DUI, third offense, a felony. In *Armstrong,* we noted that although the defendant had not been imprisoned in either of his two prior convictions, the possibility of imprisonment was enough to trigger the defendant's constitutional right to counsel. *Armstrong* was based on the Supreme Court's holding in *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) and its progeny. *See State v. Cole,* 180 W.Va. 412, 416, 376 S.E.2d 618, 622 (1988) (an administrative driver's license revocation proceeding "is not criminal, and does not implicate the right to counsel").

In *Armstrong,* we noted "the absence of a written transcript of proceedings in the State's magistrate courts, as well as the less serious direct and collateral consequences for misdemeanors as compared to felonies.... [Footnote omitted.]" *Armstrong,* 175 W.Va. at 386, 332 S.E.2d at 841. After determining that the defendant was not represented by counsel in his two prior DUI convictions, we examined the record to determine "whether the appellant knowingly and understandingly waived his right to counsel in the two predi-

cate convictions." *Armstrong,* 175 W.Va. at 386, 332 S.E.2d at 842. Although the record contained a fully completed "Rights Certification Form," we examined the circumstances to determine if the defendant had presented sufficient evidence to show he did not knowingly and understandingly waive his rights before determining if the waiver was proper. *Armstrong,* 175 W.Va. at 386, 332 S.E.2d at 842–43.

The State argues that *Armstrong* does not apply in this case because a first offense shoplifting of merchandise valued at $100 or less does not have the potential for imprisonment. Recently, the Supreme Court reiterated that *"Gideon ...* established an unequivocal rule 'making it unconstitutional to try a person for a felony in a state court unless he had a lawyer or had validly waived one.' *Id. [U.S. v. Tucker,* 404 U.S. 443], at 449, 92 S.Ct. [589], at 593 [30 L.Ed.2d 592] quoting *Burgett v. Texas, supra,* 389 U.S. [109], at 114, 88 S.Ct. [258], at 261 [19 L.Ed.2d 319]." *Custis v. U.S.,* —— U.S. ——, ——, 114 S.Ct. 1732, 1738, 128 L.Ed.2d 517, 528 (1994) (declining "to extend the right to attack collaterally prior convictions used for sentence enhancement beyond the right to have appointed counsel established in *Gideon* "). In *Custis,* the Supreme Court noted that "the interest in promoting the finality of judgments ... [applies] when a defendant seeks to attack a previous conviction used for sentencing.... These principles bear extra weight in cases in which the prior convictions, such as one challenged by Custis, are based on guilty pleas, because when a guilty plea is at issue, 'the concern with finality served by the limitation on collateral attack has special force.' *United States v. Timmreck,* 441 U.S. 780, 784, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634 (1979) (footnote omitted)." *Custis,* —— U.S. at ——, 114 S.Ct. at 1739, 128 L.Ed.2d at 528–29. In *State v. Cole,* we stated "that the right to counsel extends *only* to criminal causes that involve the *possibility of imprisonment.*" (Empha-

tile establishment's rights to recover the stolen merchandise.

(e) In determining the number of prior shoplifting convictions for purposes of imposing

punishment under this section, the court shall disregard all such convictions occurring more than seven years prior to the shoplifting offense in question.

sis added.) *State v. Cole*, 180 W.Va. at 416, 376 S.E.2d at 622.

■ In this case, the State alleges that any error was waived by the defense's failure to object. "Error in the admission of testimony to which no objection was made will not be considered by the Court on appeal or writ of error, but will be treated as waived." *State v. Wheeler*, 187 W.Va. 379, 386, 419 S.E.2d 447, 454 (1992). *In accord* Syl. pt. 7, *State v. Davis*, 176 W.Va. 454, 345 S.E.2d 549 (1986); Syl. pt. 4, *State v. Michael*, 141 W.Va. 1, 87 S.E.2d 595 (1955).

Because a timely objection to the evidence of Mr. Day's prior convictions was not made, the State was denied the opportunity to correct the error or even to complete the record. The record indicates that Mr. Day had other shoplifting convictions that could have been used for enhancement purposes if the defense had objected to Mr. Day's March 9, 1992 conviction. Further, Mr. Day pled guilty to a second offense shoplifting on January 21, 1992, when he was represented by counsel. In his counselled plea to second offense shoplifting, Mr. Day admitted an earlier conviction for first offense shoplifting and we decline to look behind Mr. Day's counselled guilty plea. *See State v. Lewis*, *supra* note 2, 191 W.Va. at 637, 447 S.E.2d at 572. Because of the lack of objection, the State submitted only the judgment record for Mr. Day's March 9, 1992 conviction and the only question raised concerning the conviction was the lack of a notation of Mr. Day's counsel. No questions were asked concerning a waiver of rights or the lack of such a waiver.

Given the defense's failure to object, the record does not demonstrate a denial of Mr. Day's right to counsel in his March 9, 1992 conviction. Because Mr. Day failed to show that his March 9, 1992 conviction was unlawfully obtained, we find the circuit court's refusal to strike this conviction amply supported by the evidence.

5. The record from the circuit court does not indicate the amount of Mr. Day's mandatory fine and contains no objection from the defense concerning the valuation of the merchandise shoplifted. There is no record concerning the value

IV

In his last assignment of error, Mr. Day maintains that the mandatory fine imposed by *W.Va.Code* 61–3A–3(d) [1981] is an unconstitutional taking of his property because the statute allows the merchant to establish the value of the property. Mr. Day also argues that it is an unjust enrichment of the merchant involved because in most instances the stolen items are recovered.

■ In addition to the fine and prison term imposed by *W.Va.Code* 61–3A–3(c) [1981] for shoplifting, third offense, subsection (d) of the same *Code* section imposes a mandatory fine requiring "the defendant to pay a penalty to the mercantile establishment involved in the amount of fifty dollars, or double the value of the merchandise involved, whichever is higher." *See* note 4 for the complete text of *W.Va.Code* 61–3A–3 [1981]. *W.Va.Code* 61–3A–3(d) [1981] does not prescribe how the value of the merchandise is to be established and therefore Mr. Day's argument that this *Code* section allows the merchant to establish the value of the stolen merchandise is without merit. Because the statute does not specify how the "value of the merchandise involved" is to be determined, we reject Mr. Day's argument that the statute is unconstitutional as written.

■ The record in this case does not indicate that the statute was applied unconstitutionally. The circuit court's order required "the defendant pay the statutory penalty in the amount of $50.00 or double the value of the merchandise shoplifted, whichever is greater, as to each Count of Shoplifting, for a total penalty, in addition to fines and costs, to be accessed [sic] by the Probation Officer." [5] Given the circuit court's sentencing order, we find Mr. Day's contention that the merchants determine the value of the shoplifted merchandise to be without foundation. Provided that Mr. Day objected to the value placed on the shoplifted merchandise by the Probation Officer, Mr. Day has a right to appeal the

placed on the merchandise by the Probation Officer, how the value was determined, if the defense objected to the valuation or the appeal process for a disputed valuation. However, none of these matters is raised by Mr. Day.

Probation Officer's value determination to circuit court.

■ Finally, Mr. Day alleges that the mandatory fine of $50.00 or twice the value of the merchandise shoplifted constitutes unjust enrichment of the merchants because the stolen merchandise is often recovered. No evidence was presented in this case showing that the shoplifted merchandise was returned to the merchants and the record contains no objection to the mandatory penalties.[6]

■ Great deference is given to the legislature's determination of what is necessary to achieve both the punitive and remedial goals served by criminal penalties. However, the legislature's powers are limited by the Eighth Amendment to the United States *Constitution,* which is applicable to the states through the due process clause of the Fourteenth Amendment. The Eighth Amendment prohibits cruel and unusual punishment and the levying of excessive fines. The Eighth Amendment states: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." *See Alexander v. U.S.,* —— U.S. ——, 113 S.Ct. 2766, 125 L.Ed.2d 441 (1993) (finding that RICO's forfeiture provisions are a form of monetary punishment no different, for Eighth Amendment purposes, than a traditional fine); *Austin v. U.S.,* —— U.S. ——, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993) (finding that the forfeiture provisions under 21 U.S.C. §§ 881(a)(4) and (a)(7) are a monetary punishment and subject to the Eighth Amendment).

Mr. Day's unjust enrichment argument is based in civil law and not in criminal law. *W.Va.Code* 61–3A–3(d) [1981]'s mandatory fine payable to the mercantile establishment where the items were shoplifted is a form of statutory restitution that considers the transactional costs of prosecuting a defendant. We find nothing in this case's record to indicate that these fines were excessive. We find that requiring Mr. Day to pay an additional fine of $515.62 for his five convictions

of shoplifting is not excessive, shocking, violative of fundamental fairness, disproportionate, without penological justification or unnecessarily painful.

For the above stated reasons, we affirm the decision of the Circuit Court of Raleigh County.

Affirmed.

---

6. In its brief, the State argues that by reminding the circuit court of the mandatory fines, Mr. Day's lawyer waived any objection. Although the lack of any objection by Mr. Day's lawyer may constitute a waiver, the defense's reminder of statutory requirements is not a waiver. The circuit court noted his appreciation for the defense's "conscientious representation of the law" and we agree with his comments.